UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDER ("ALEC") AZIZ,<br><br>    Plaintiff,<br><br>-vs-<br><br>CHANEL, INC.,<br><br>    Defendant. | Civil Action No. 1:23-cv-09338-PAE<br><br>**STIPULATION AND ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL MATERIAL** |

**WHEREAS**, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. A receiving party objecting to the designation of a document, information, or testimony as "CONFIDENTIAL" shall notify the providing party in writing, setting forth with specificity the information that they contend is not confidential. The parties must then

1

attempt to resolve the dispute. If this attempt is not successful, the receiving party may file an application with the Court for a ruling that the document, information, or testimony should not be treated as "CONFIDENTIAL."

4. The burden of establishing the legitimacy of the confidential designation remains on the providing party at all times. Until the Court enters an order changing the designation of the document or testimony, it shall continue to be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in the Protective Order.

5. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

>   a. The requesting party and counsel, including in-house counsel;
>   b. Employees of such counsel assigned to and necessary to assist in the litigation;
>   c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
>   d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

>   a. Inform the person of the confidential nature of the information or documents;
>   b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
>   c. Require each such person to sign an agreement to be bound by this Order

in the form attached as **Exhibit A**.

7. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any document production that may contain "non-public personal information" or "confidential health information" (as defined in HIPAA and/or other applicable state or federal law or regulation concerning confidential health information) may be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable. If a producing party encrypts or "locks" the production, the producing party shall simultaneously send, under separate cover, an explanation of how to decrypt the files. The producing party may also redact any non-relevant information protected by HIPAA and shall label any such redaction as "CONFIDENTIAL HEALTH INFORMATION" or "CHI."

9. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the

privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

///

///

///

///

///

///

///

SO STIPULATED AND AGREED.

Respectfully submitted,

| Plaintiff Alexander ("Alec") Aziz | Defendant Chanel, Inc. |
|---|---|
| By: /s/ Bhavleen Sabharwal<br>Bhavleen Sabharwal, Esq.<br>bsabharwal@bsablaw.com<br>Law Office of Bhavleen Sabharwal, P.C.<br>261 Madison Avenue Suite 1063<br>New York, New York 10016<br>Tel. (917) 597-5984<br>New York, NY 10004 | By: */s/ Bernard D. Olshansky*<br>Howard M. Wexler<br>hwexler@seyfarth.com<br>Bernard D. Olshansky<br>bolshansky@seyfarth.com<br>Seyfarth Shaw LLP<br>620 Eighth Avenue, Fl. 32<br>New York, NY 10018-1405 |
| DATED: September 20, 2024 | DATED: September 20, 2024 |

SO ORDERED:

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: ___September 20___, 2024

5